UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                                          CASE NO. 10-13020-BKC-AJC
                                                                                        Chapter 7
BISCAYNE BAY LOFTS, LLC,

    Debtor.
_____/

### PETITIONING CREDITORS' EMERGENCY MOTION
### FOR THE APPOINTMENT OF AN INTERIM TRUSTEE

Petitioning Creditors, Norman Wartman, BAP Development Group LLC and Onyx On the Bay Condominium Association, Inc., by and through undersigned counsel, and pursuant to Section 303(g) of the Bankruptcy Code, hereby move this Court for the immediate appointment of an interim trustee, and in support thereof states as follows:

### BACKGROUND

1. The Debtor is the developer of the Onyx, a condominium.

2. The Debtor has one member, BAP-GGM Biscayne Bay LLC. BAP-GGM Biscayne Bay LLC has two members: BAP Bay Lofts, LLC and GGM Developers, LLC.

3. On October 27, 2009, Onyx Condominium Association, Inc. ("Onyx") filed a voluntary Chapter 11 petition in this Court under Case No. 09-33331, and is currently operating as Debtor in Possession.

4. The Onyx's original developer was the Debtor, Biscayne Bay Lofts, LLC, ("BBL"). Pursuant to Section 718.116 (9)(A)(2), Florida Statutes, BBL guaranteed to all purchasers of units that assessments would be capped and BBL, as developer, would meet the operational shortfalls of the Debtor association.

5. The developer is no longer able to fund Onyx's operational shortfalls.

6. Onyx has been working diligently to collect unpaid assessments and association fees, and has begun to foreclose assessment liens where indicated.

7. Additionally, Onyx sought and received leave from the Court to utilize its reserve account to fund the buildings insurance financing and to meet other limited budgetary items.

8. At this time, the Onyx is unable to meet its operational budget on an ongoing basis.

9. The Onyx condominium project was originally funded through a loan from Corus Bank, N.A. ("Corus") to BBL. The funds were to be used for the payment of the Project Costs, including all Hard and Soft costs associated with the development of a condominium.

10. On April 29, 2009, Corus Bank, N.A. filed a complaint in the Circuit Court in and For Miami-Dade County, Florida against BBL and the Debtor alleging that BBL defaulted on the construction loan, and seeking a foreclosure on it's the mortgage of the subject condominium project (the "Foreclosure Action").

11. On September 9, 2009, Hyperion Onyx Partners, LLC was formed and organized for the purpose of acquiring the remaining unsold units at the Onyx condominium and offering them for sale to the public.

12. On September 11, 2009, the Office of the Comptroller of the Currency closed Corus and appointed the Federal Deposit Insurance Corporation (FDIC) as receiver.

13. Subsequently, Hyperion purchased Corus' rights to the Onyx condominium loan and mortgage and substituted in as plaintiff to the Foreclosure Action, seeking title to unsold units at the Onyx.

14. On December 10, 2009, BBL, unable to continue funding the Debtor's operational shortfalls, quitclaimed thirty three (33) units located at the Onyx to Hyperion (the "Hyperion Deed").

15. On January 26, 2010, Onyx filed a motion to have Hyperion declared a substitute developer and to have the Court require Hyperion to meet the operation shortfalls of Onyx (the "Developer Motion").

16. Hyperion has objected to the Developer Motion in part because one of BBL's manager's members, GGM Developers, LLC and its principal, Gustavo Miculitzki, filed an action in the Miami-Dade seeking to invalidate the Hyperion Deed as a fraud.

17. Section 303(g) provides authority for the Court to appoint an interim Trustee during the gap period to preserve property of the estate. At this time, Onyx appears to be the sole known asset of the BBL estate.

18. Onyx requires immediate funds to operate. Either BBL or Hyperion control the unsold units at Onyx and should be responsible for funding the Onyx operating budget.

19. Hyperion has objected to funding Onyx based upon the GGM Developers, LLC objection to the Hyperion Deed. BBL is deadlocked over the transfer of the Onyx's unsold units. Unless the deadlock is breached, the Onyx will be unable to fund its insurance, electric and other vital expenses.

20. Based upon the foregoing, the Petitioning Creditors request the immediate appointment of an interim trustee to amongst its other duties, breach the deadlock.

WHEREOFRE, the Petitioning Creditors respectfully request that the Court enter an order directing the United States Trustee to immediately appoint an interim trustee, and grant such additional relief as the Court deems proper.

CASE NO. 10-13020-BKC-AJC

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

>                                     JEFFREY W. BLACHER, P.A.
>
>                                     _____/s/_____
>                                     Jeffrey W. Blacher, Esq.
>                                     Fla. Bar No. 8168
>                                     2999 N.E. 191st St.
>                                     Suite 805
>                                     Aventura, FL 33180
>                                     Tel 305-705-0888
>                                     Fax 305-356-3693
>                                     jblacher@blacherlaw.com